UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03 CV 10289 DPW

CIVIL ACTION NO.

MAGISTRATE JUDGE _____

)
THE MASHPEE WAMPANOAG TRIBAL )
COUNCIL, INC., )
     Plaintiff )
)
v. )
)
BUREAU OF INDIAN AFFAIRS OF THE )
DEPARTMENT OF THE INTERIOR OF )
THE UNITED STATES OF AMERICA, )
     Defendant )
)

RECEIPT # 45113
AMOUNT $ 150
SUMMONS ISSUED 4D
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. ROM
DATE 4-12-03

## COMPLAINT

1.     The Plaintiff is The Mashpee Wampanoag Tribal Council, Inc., a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 483 Great Neck Road South, PO Box 1048, Mashpee, Barnstable County, Massachusetts 02649.

2.     The Defendant is the Bureau of Indian Affairs of the Department of the Interior, a political subdivision of the United States of America, with a principal place of business located at 1849 C Street, N.W., Washington, DC 20240.

3.     Jurisdiction of this Court is contained in 5 United States Code §552(4)(B).

4.     On or about August 8, 2002, Plaintiff, through its counsel, sent a request to Defendant pursuant to the Freedom of Information Act, 5 U.S.C. §552 as amended. Said request was properly made and was in compliance with the regulations and procedures contained in 5 U.S.C. §552 as amended. See, Exhibit "A" attached hereto.

5.     Upon receiving no response, Plaintiff, through its counsel, on or about September 5, 2002, sent another request to Defendant pursuant to the Freedom of Information Act, 5 U.S.C. §552 as amended. Said request was properly made and was in compliance with the regulations and procedures contained in 5 U.S.C. §552 as amended. See, Exhibit "B" attached hereto.



6.     Defendant responded to said request by leaving a voicemail message with
       Plaintiff's counsel on or about October 14, 2002. Said message requested that the
       Plaintiff corporation provide Defendant with an authorized vote allowing
       Defendant to release said records to Plaintiff's counsel. This request was
       complied with by Plaintiff's sending the authorization letter to Lee Fleming,
       Chief, Branch of Acknowledgement and Research, at the Bureau of Indian
       Affairs.

7.     Upon receiving no further response, Plaintiff, through its counsel, on or about
       December 9, 2002, sent another request to Defendant pursuant to the Freedom of
       Information Act, 5 U.S.C. §552 as amended. Said request was properly made and
       was in compliance with the regulations and procedures contained in 5 U.S.C.
       §552 as amended. See, Exhibit "C" attached hereto.

8.     Upon receiving no further response, Plaintiff, through its counsel, on or about
       January 27, 2003, sent another request to Defendant pursuant to the Freedom of
       Information Act, 5 U.S.C. §552 as amended. Said request was properly made and
       was in compliance with the regulations and procedures contained in 5 U.S.C.
       §552 as amended. See, Exhibit "D" attached hereto.

9.     Other than the verbal request by Defendant to provide corporate authorization to
       release said records, Defendant has failed to respond in any manner to Plaintiff's
       Freedom of Information Requests.

## VIOLATION OF 5 U.S.C. §552(6)(A)

10.    Plaintiff repeats and avers the allegations contained in Paragraphs 1 through 9 of
       the Complaint.

11.    5 U.S.C. §552(6)(A) states:

       "Each agency, upon any request for records made under paragraph (1),
       (2), or (3) of this subsection, shall -

       (i)     determine within twenty days (excepting Saturdays, Sundays,
               and legal public holidays) after the receipt of any such request
               whether to comply with such request and shall immediately
               notify the person making such request of such determination
               and the reasons therefor, and of the right of such person to
               appeal to the head of the agency any adverse determination; and
               (emphasis added)

12.    As stated above, Plaintiff first request for information was dated August 8, 2002.
       Plaintiff sent a total of four (4) requests between that date and January 27, 2003.

13. Defendant has violated the provisions of 5 U.S.C. §552(6)(A) by failing to determine within the applicable twenty (20) day time period whether to comply with such request; by failing to immediately notify Plaintiff of such determination and the reasons therefor; and by failing to notify Plaintiff of the right to appeal any adverse determinations.

WHEREFORE, Plaintiff The Mashpee Wampanoag Tribal Council, Inc. demands judgment against Defendant Bureau of Indian Affairs of the Department of the Interior of the United States of America and requests this Honorable Court:

1. Enjoin the agency from withholding the records requested by Plaintiff;

2. Order Defendant to expeditiously produce the records requested by the Plaintiff;

3. Award Plaintiff reasonable attorneys fees and other litigation costs reasonably incurred pursuant to the provisions of 5 U.S.C. §552(4)(E); and

4. Award any other relief this Court deems just.

## VIOLATION OF 5 U.S.C. §552(3)(A)

14. Plaintiff repeats and avers the allegations contained in Paragraphs 1 through 13 of the Complaint.

15. 5 U.S.C. §552(3)(A) as amended states: "... each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

16. As stated above, Defendant has failed, since August 8, 2002, to make available any of the records requested by Plaintiff and/or to respond to Plaintiff's repeated requests for said records.

17.     Defendant has violated the provisions of 5 U.S.C. §552(3)(A) by failing to make available the records requested by the Plaintiff.

WHEREFORE, Plaintiff The Mashpee Wampanoag Tribal Council, Inc. demands

judgment against Defendant Bureau of Indian Affairs of the Department of the

Interior of the United States of America and requests this Honorable Court:

1.      Enjoin the agency from withholding the records requested by Plaintiff;

2.      Order Defendant to expeditiously produce the records requested by the Plaintiff;

3.      Award Plaintiff reasonable attorneys fees and other litigation costs reasonably incurred pursuant to the provisions of 5 U.S.C. §552(4)(E); and

4.      Award any other relief this Court deems just.

                                Respectfully Submitted,
                                The Mashpee Wampanoag Tribal Council, Inc.
                                By its attorney,


                                William A. McDermott, Jr.
                                Sullivan and McDermott
                                1988-1990 Centre Street
                                West Roxbury, MA 02132
                                (617) 323-0213
                                BBO #330820

Dated: February 11, 2003

August 8, 2002

**VIA E-MAIL: DOIFOIA@IOS.dot.gov**

Alexandra Mallus
Department of the Interior
Department FOIA Officer (MS-5312MIB)
Office of Information Resources Management
1849 C Street, NW
Washington, DC 20240

**RE: Bureau of Indian Affairs –**
     **Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

This Request is being made pursuant to the Freedom of Information Act 5 U.S.C. §552, as amended.

This firm represents the Mashpee Wampanoag Indian Tribal Council, Inc. in Massachusetts. Presently, the Mashpee Tribe is involved in litigation with the Department of Interior, **The Mashpee Wampanoag Tribal Council, Inc. v. Gale A. Norton, et al**, **USDC District of Columbia No. 02-5139; USCA District of Columbia Circuit No. 025139.**

This firm is not involved in the litigation. We are seeking certain public records for non-litigation purposes. We believe that the within-requested records are not protected on account of the litigation.

We therefore request the following records:

Definition – correspondence. "Correspondence" means written material sent by mail, facsimile or e-mail and also including any notes, memoranda, or telephone message slips kept concerning the requested correspondence.

1. Any and all correspondence to or from the Department of the Interior or the Bureau of Indian Affairs to the Town of Mashpee, Massachusetts, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe commencing October 3, 1979 through August

8, 2002, including but not limited to correspondence from Leo Krulitz and Scott Keep of the Division of Indian Affairs and George A. Benway, Jr.

2.    Any and all correspondence, memoranda to and from, records and notes of meetings held between George A. Benway, Jr. and Scott Keep commencing January 1, 1977 through December 31, 1990, regarding Mashpee Wampanoag Tribal recognition with Scott Keep of the Division of Indian Affairs.

3.    Any and all correspondence, as defined above, between the Division of Indian Affairs including but not limited to correspondence originated by or correspondence received by Hans Walker, Jr., Acting Associate Solicitor, Division of Indian Affairs, commencing January 1, 1977 through December 31, 1990. This request would include his successors as Acting Associate Solicitor to or from George A. Benway, Jr. of Mashpee, Massachusetts.  This request also includes any and all other Acting Associate Solicitors for the Division of Indian Affairs during the requested time.  Any and all correspondence requested would be addressed to or from the members of the Board of Selectmen of the Town of Mashpee, any of its political subdivisions, and officials of the Town of Mashpee.

4.    Any and all correspondence from or to the Town of Mashpee, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1998 through August 8, 2002.

5.    Any and all correspondence from or to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit, and Hyannis, such correspondence commencing October 3, 1979 through August 8, 2002.

6.    Any and all correspondence from or to Kenneth Marsters of 77 Bay Shore Drive, Mashpee, Massachusetts, from or to c/o Prime Homes, 509 Falmouth Road, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1990 through August 8, 2002.

7. Any and all correspondence to and from the governing body or political subdivision of the following towns in Massachusetts: Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit and Hyannis concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the Department of Interior or the Bureau of Indian Affairs such correspondence commencing October 3, 1979 through August 8, 2002.

8. Any and all reports, studies or bulletins prepared by the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such documents having been produced on or after October 3, 1979 through August 8, 2002.

9. Any and all correspondence to and from David Leveille of 9 Mariner Lane, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing October 3, 1979 through August 8, 2002.

10. Any and all records, reports, memoranda and including notes, telephone message slips concerning the meeting which took place between George F. Benway, Jr. and Scott Keep at the Division of Indian Affairs between January 1, 1978 and December 31, 1990.

11. Any and all records in connection with the preparation for and the attendance at a meeting held in Washington, D.C. on or about April 10 through April 15, 2002 with members of the Board of Selectmen of the Town of Mashpee, Kenneth Marsters, and David Leveille concerning meetings with the Town of Mashpee's attorneys, Hale & Dorr, and said meetings which may have included Deputy Solicitor General Kneedler and Justice officials regarding the Mashpee Wampanoag Tribal recognition issue at which Bureau of Indian Affairs personnel were in attendance.

12. Any and all correspondence, notes, and/or telephone messages from Attorney Urwitz of Hale & Dorr during the time period commencing March 25, 2002 through April 15, 2002, concerning Mashpee Wampanoag Tribal recognition.

Please provide the above documents to this office as well as the estimated costs. The e-mail address is Sullivan.McDermott@worldnet.att.net.

Thank you for your attention to this matter.

Very truly yours,

William A. McDermott, Jr., Esquire
Sullivan & McDermott
1990 Centre Street
West Roxbury, Massachusetts   02132
Telephone:   617-323-0213
Facsimile:   617-323-3384
E-Mail:   Sullivan.McDermott@worldnet.att.net

# SULLIVAN AND McDERMOTT
### ATTORNEYS AT LAW
1988-1990 CENTRE STREET
WEST ROXBURY, MASSACHUSETTS 02132

(617) 323-0213
FACSIMILE (617) 323-3384
E-MAIL:sullivan.mcdermott@worldnet.att.net

**JEREMIAH P. SULLIVAN, JR.***
DIRECT LINE (617) 323-2108

**ANN MARIE JOHNNENE**
DIRECT LINE (617) 323-3150

* (ALSO NEW HAMPSHIRE)

**WILLIAM A. McDERMOTT, JR.**
DIRECT LINE (617) 323-1124

September 5, 2002

**VIA FACSIMILE: 202-501-2360**

Alexandra Mallus
MS-5312, MIB
1849 C Street, NW
Washington, DC 20240

RE: **Request of August 8, 2002**
 **Bureau of Indian Affairs**
 **Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

Attached please find the document sent on August 8, 2002.
Please acknowledge you have received same and inform me when we
should expect receiving responses.

Thank you.

Very truly yours,

William A. McDermott, Jr.

/md

Enclosure

## FREEDOM OF INFORMATION REQUEST

August 8, 2002

**VIA E-MAIL: DOIFOIA@IOS.dot.gov**

Alexandra Mallus
Department of the Interior
Department FOIA Officer (MS-5312MIB)
Office of Information Resources Management
1849 C Street, NW
Washington, DC  20240

**RE: Bureau of Indian Affairs –
Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

This Request is being made pursuant to the Freedom of Information Act 5 U.S.C. §552, as amended.

This firm represents the Mashpee Wampanoag Indian Tribal Council, Inc. in Massachusetts.  Presently, the Mashpee Tribe is involved in litigation with the Department of Interior, **The Mashpee Wampanoag Tribal Council, Inc. v. Gale A. Norton, et al**, **USDC District of Columbia No. 02-5139; USCA District of Columbia Circuit No. 025139.**

This firm is not involved in the litigation.  We are seeking certain public records for non-litigation purposes.  We believe that the within-requested records are not protected on account of the litigation.

We therefore request the following records:

Definition - correspondence.  "Correspondence" means written material sent by mail, facsimile or e-mail and also including any notes, memoranda, or telephone message slips kept concerning the requested correspondence.

1.    Any and all correspondence to or from the Department of the Interior or the Bureau of Indian Affairs to the Town of Mashpee, Massachusetts, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe commencing October 3, 1979 through August



8, 2002, including but not limited to correspondence from Leo Krulitz and Scott Keep of the Division of Indian Affairs and George A. Benway, Jr.

2.    Any and all correspondence, memoranda to and from, records and notes of meetings held between George A. Benway, Jr. and Scott Keep commencing January 1, 1977 through December 31, 1990, regarding Mashpee Wampanoag Tribal recognition with Scott Keep of the Division of Indian Affairs.

3.    Any and all correspondence, as defined above, between the Division of Indian Affairs including but not limited to correspondence originated by or correspondence received by Hans Walker, Jr., Acting Associate Solicitor, Division of Indian Affairs, commencing January 1, 1977 through December 31, 1990. This request would include his successors as Acting Associate Solicitor to or from George A. Benway, Jr. of Mashpee, Massachusetts. This request also includes any and all other Acting Associate Solicitors for the Division of Indian Affairs during the requested time. Any and all correspondence requested would be addressed to or from the members of the Board of Selectmen of the Town of Mashpee, any of its political subdivisions, and officials of the Town of Mashpee.

4.    Any and all correspondence from or to the Town of Mashpee, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1998 through August 8, 2002.

5.    Any and all correspondence from or to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit, and Hyannis, such correspondence commencing October 3, 1979 through August 8, 2002.

6.    Any and all correspondence from or to Kenneth Marsters of 77 Bay Shore Drive, Mashpee, Massachusetts, from or to c/o Prime Homes, 509 Falmouth Road, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1990 through August 8, 2002.

7.  Any and all correspondence to and from the governing body or political subdivision of the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit and Hyannis concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the Department of Interior or the Bureau of Indian Affairs such correspondence commencing October 3, 1979 through August 8, 2002.

8.  Any and all reports, studies or bulletins prepared by the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such documents having been produced on or after October 3, 1979 through August 8, 2002.

9.  Any and all correspondence to and from David Leveille of 9 Mariner Lane, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing October 3, 1979 through August 8, 2002.

10.  Any and all records, reports, memoranda and including notes, telephone message slips concerning the meeting which took place between George F. Benway, Jr. and Scott Keep at the Division of Indian Affairs between January 1, 1978 and December 31, 1990.

11.  Any and all records in connection with the preparation for and the attendance at a meeting held in Washington, D.C. on or about April 10 through April 15, 2002 with members of the Board of Selectmen of the Town of Mashpee, Kenneth Marsters, and David Leveille concerning meetings with the Town of Mashpee's attorneys, Hale & Dorr, and said meetings which may have included Deputy Solicitor General Kneedler and Justice officials regarding the Mashpee Wampanoag Tribal recognition issue at which Bureau of Indian Affairs personnel were in attendance.

12.  Any and all correspondence, notes, and/or telephone messages from Attorney Urwitz of Hale & Dorr during the time period commencing March 25, 2002 through April 15, 2002, concerning Mashpee Wampanoag Tribal recognition.

Please provide the above documents to this office as well as the estimated costs.  The e-mail address is Sullivan.McDermott@worldnet.att.net.



Thank you for your attention to this matter.

Very truly yours,

William A. McDermott, Jr., Esquire
Sullivan & McDermott
1990 Centre Street
West Roxbury, Massachusetts  02132
Telephone:  617-323-0213
Facsimile:  617-323-3384
E-Mail:    Sullivan.McDermott@worldnet.att.net

**SULLIVAN AND McDERMOTT**
ATTORNEYS AT LAW
1988-1990 CENTRE STREET
WEST ROXBURY, MASSACHUSETTS 02132

(617) 323-0213
FACSIMILE (617) 323-3384
E-MAIL:sullivan.mcdermott@worldnet.att.net

**JEREMIAH P. SULLIVAN, JR.***
DIRECT LINE (617) 323-2108

**ANN MARIE JOHNNENE**
DIRECT LINE (617) 323-3150

* (ALSO NEW HAMPSHIRE)

**WILLIAM A. McDERMOTT, JR.**
DIRECT LINE (617) 323-1124

December 9, 2002

Lee Fleming, Chief
Branch of Acknowledgment and Research
Bureau of Indian Affairs
MS-4660MID
1849 C Street, N.W.
Washington, D.C.  20240

**RE:  Mashpee Wampanoag Tribal Recognition**

Dear Mr. Fleming:

Please be advised that I was unable to reach you via e-mail.  Therefore, I am enclosing herewith the following:

1.  My e-mail letter to you dated December 5, 2002;

2.  The error message indicating the e-mail was undeliverable;

3.  The letter attached dated August 8, 2002; and

4.  The follow-up letter attached dated September 5, 2002.

Thank you for your prompt attention to this matter.

Very truly yours,

William A. McDermott, Jr.

/md

Enclosures

## Sullivan McDermott

| | |
|---|---|
| **From:** | "Sullivan McDermott" <sullivan.mcdermott@worldnet.att.net> |
| **To:** | <LeeFleming@bia.gov> |
| **Sent:** | Thursday, December 05, 2002 8:10 AM |
| **Attach:** | doi foia.doc; mallus letter.doc |
| **Subject:** | Mashpee Wampanoag Tribal Council, Inc. |

December 5, 2002

Lee Fleming, Chief
Branch of Acknowledgment and Research
Bureau of Indian Affairs
MS-4660MID
1849 C Street, N.W.
Washington, D.C.  20240

RE:  Mashpee Wampanoag Tribal Recognition

Dear Mr. Fleming:

I am referencing previous FOIA requests made to the Bureau of Indian Affairs, the first of which was made on August 8th, 2002.  I am providing you with a copy of that initial request.  A second request was made by facsimile on September 5th, 2002 to Alexandra Mallus.  Subsequently, you left a message for me that the Mashpee Wampanoag Tribal Council, Inc. would have to designate this firm as an attorney representing its interests in Massachusetts.  On November 11th, 2002, such letter was sent to your attention from Glenn Marshall, President.

The purpose of this letter is to follow-up on the requests and provide for receipt of the documents requested. Please contact me.

Very truly yours,

William A. McDermott, Jr.
Sullivan & McDermott
1990 Centre Street
West Roxbury, MA  02132
617-323-1124 (direct line)
617-323-0213 (office)
617-323-3384 (fax)

Enclosures

## Sullivan & McDermott

**From:** "Mail Administrator"
**To:** <sullivan.mcdermott@worldnet.att.net>
**Sent:** Friday, December 06, 2002 10:31 PM
**Attach:** ATT00132.dat; ATT00133.eml
**Subject:** Mail System Error - Returned Mail
This Message was undeliverable due to the following reason:

Your message was not delivered because the destination computer was
not reachable within the allowed queue period. The amount of time
a message is queued before it is returned depends on local configura-
tion parameters.

Most likely there is a network problem that prevented delivery, but
it is also possible that the computer is turned off, or does not
have a mail system running right now.

Your message was not delivered within 1 days.
Host bia.gov is not responding.

The following recipients did not receive this message:

    <LeeFleming@bia.gov>

Please reply to Postmaster@worldnet.att.net
if you feel this message to be in error.

## FREEDOM OF INFORMATION REQUEST

August 8, 2002

**VIA E-MAIL: DOIFOIA@IOS.dot.gov**

Alexandra Mallus
Department of the Interior
Department FOIA Officer (MS-5312MIB)
Office of Information Resources Management
1849 C Street, NW
Washington, DC 20240

**RE: Bureau of Indian Affairs –**
**Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

This Request is being made pursuant to the Freedom of
Information Act 5 U.S.C. §552, as amended.

This firm represents the Mashpee Wampanoag Indian Tribal
Council, Inc. in Massachusetts. Presently, the Mashpee Tribe is
involved in litigation with the Department of Interior, **The
Mashpee Wampanoag Tribal Council, Inc. v. Gale A. Norton, et al**,
**USDC District of Columbia No. 02-5139; USCA District of Columbia
Circuit No. 025139.**

This firm is not involved in the litigation. We are
seeking certain public records for non-litigation purposes. We
believe that the within-requested records are not protected on
account of the litigation.

We therefore request the following records:

Definition - correspondence. "Correspondence" means written
material sent by mail, facsimile or e-mail and also including
any notes, memoranda, or telephone message slips kept concerning
the requested correspondence.

1.     Any and all correspondence to or from the Department
of the Interior or the Bureau of Indian Affairs to the Town of
Mashpee, Massachusetts, its elected officials or any
governmental representative of the Town of Mashpee,
Massachusetts, concerning federal recognition of the Mashpee
Wampanoag Indian Tribe commencing October 3, 1979 through August



8, 2002, including but not limited to correspondence from Leo Krulitz and Scott Keep of the Division of Indian Affairs and George A. Benway, Jr.

2.  Any and all correspondence, memoranda to and from, records and notes of meetings held between George A. Benway, Jr. and Scott Keep commencing January 1, 1977 through December 31, 1990, regarding Mashpee Wampanoag Tribal recognition with Scott Keep of the Division of Indian Affairs.

3.  Any and all correspondence, as defined above, between the Division of Indian Affairs including but not limited to correspondence originated by or correspondence received by Hans Walker, Jr., Acting Associate Solicitor, Division of Indian Affairs, commencing January 1, 1977 through December 31, 1990. This request would include his successors as Acting Associate Solicitor to or from George A. Benway, Jr. of Mashpee, Massachusetts. This request also includes any and all other Acting Associate Solicitors for the Division of Indian Affairs during the requested time. Any and all correspondence requested would be addressed to or from the members of the Board of Selectmen of the Town of Mashpee, any of its political subdivisions, and officials of the Town of Mashpee.

4.  Any and all correspondence from or to the Town of Mashpee, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1998 through August 8, 2002.

5.  Any and all correspondence from or to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the following towns in Massachusetts: Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit, and Hyannis, such correspondence commencing October 3, 1979 through August 8, 2002.

6.  Any and all correspondence from or to Kenneth Marsters of 77 Bay Shore Drive, Mashpee, Massachusetts, from or to c/o Prime Homes, 509 Falmouth Road, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1990 through August 8, 2002.



7.   Any and all correspondence to and from the governing body or political subdivision of the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit and Hyannis concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the Department of Interior or the Bureau of Indian Affairs such correspondence commencing October 3, 1979 through August 8, 2002.

8.   Any and all reports, studies or bulletins prepared by the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such documents having been produced on or after October 3, 1979 through August 8, 2002.

9.   Any and all correspondence to and from David Leveille of 9 Mariner Lane, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing October 3, 1979 through August 8, 2002.

10.   Any and all records, reports, memoranda and including notes, telephone message slips concerning the meeting which took place between George F. Benway, Jr. and Scott Keep at the Division of Indian Affairs between January 1, 1978 and December 31, 1990.

11.   Any and all records in connection with the preparation for and the attendance at a meeting held in Washington, D.C. on or about April 10 through April 15, 2002 with members of the Board of Selectmen of the Town of Mashpee, Kenneth Marsters, and David Leveille concerning meetings with the Town of Mashpee's attorneys, Hale & Dorr, and said meetings which may have included Deputy Solicitor General Kneedler and Justice officials regarding the Mashpee Wampanoag Tribal recognition issue at which Bureau of Indian Affairs personnel were in attendance.

12.   Any and all correspondence, notes, and/or telephone messages from Attorney Urwitz of Hale & Dorr during the time period commencing March 25, 2002 through April 15, 2002, concerning Mashpee Wampanoag Tribal recognition.

Please provide the above documents to this office as well as the estimated costs.  The e-mail address is Sullivan.McDermott@worldnet.att.net.

Thank you for your attention to this matter.

Very truly yours,

William A. McDermott, Jr., Esquire
Sullivan & McDermott
1990 Centre Street
West Roxbury, Massachusetts   02132
Telephone:   617-323-0213
Facsimile:   617-323-3384
E-Mail:    Sullivan.McDermott@worldnet.att.net

# SULLIVAN AND McDERMOTT
## ATTORNEYS AT LAW
### 1988-1990 CENTRE STREET
### WEST ROXBURY, MASSACHUSETTS 02132

(617) 323-0213
FACSIMILE (617) 323-3384
E-MAIL:sullivan.mcdermott@worldnet.att.net

**JEREMIAH P. SULLIVAN, JR.***
DIRECT LINE (617) 323-2108

**ANN MARIE JOHNNENE**
DIRECT LINE (617) 323-3150

* (ALSO NEW HAMPSHIRE)

**WILLIAM A. McDERMOTT, JR.**
DIRECT LINE (617) 323-1124

September 5, 2002

**VIA FACSIMILE:  202-501-2360**

Alexandra Mallus
MS-5312, MIB
1849 C Street, NW
Washington, DC  20240

**RE:  Request of August 8, 2002**
**Bureau of Indian Affairs**
**Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

Attached please find the document sent on August 8, 2002. Please acknowledge you have received same and inform me when we should expect receiving responses.

Thank you.

Very truly yours,

William A. McDermott, Jr.

/md

Enclosure

**FREEDOM OF INFORMATION REQUEST**

August 8, 2002

**VIA E-MAIL: DOIFOIA@IOS.dot.gov**

Alexandra Mallus
Department of the Interior
Department FOIA Officer (MS-5312MIB)
Office of Information Resources Management
1849 C Street, NW
Washington, DC 20240

**RE: Bureau of Indian Affairs –
Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

This Request is being made pursuant to the Freedom of Information Act 5 U.S.C. §552, as amended.

This firm represents the Mashpee Wampanoag Indian Tribal Council, Inc. in Massachusetts. Presently, the Mashpee Tribe is involved in litigation with the Department of Interior, **The Mashpee Wampanoag Tribal Council, Inc. v. Gale A. Norton, et al**, USDC District of Columbia No. 02-5139; USCA District of Columbia Circuit No. 025139.

This firm is not involved in the litigation. We are seeking certain public records for non-litigation purposes. We believe that the within-requested records are not protected on account of the litigation.

We therefore request the following records:

Definition - correspondence. "Correspondence" means written material sent by mail, facsimile or e-mail and also including any notes, memoranda, or telephone message slips kept concerning the requested correspondence.

1.     Any and all correspondence to or from the Department of the Interior or the Bureau of Indian Affairs to the Town of Mashpee, Massachusetts, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe commencing October 3, 1979 through August

8, 2002, including but not limited to correspondence from Leo Krulitz and Scott Keep of the Division of Indian Affairs and George A. Benway, Jr.

2.    Any and all correspondence, memoranda to and from, records and notes of meetings held between George A. Benway, Jr. and Scott Keep commencing January 1, 1977 through December 31, 1990, regarding Mashpee Wampanoag Tribal recognition with Scott Keep of the Division of Indian Affairs.

3.    Any and all correspondence, as defined above, between the Division of Indian Affairs including but not limited to correspondence originated by or correspondence received by Hans Walker, Jr., Acting Associate Solicitor, Division of Indian Affairs, commencing January 1, 1977 through December 31, 1990. This request would include his successors as Acting Associate Solicitor to or from George A. Benway, Jr. of Mashpee, Massachusetts. This request also includes any and all other Acting Associate Solicitors for the Division of Indian Affairs during the requested time. Any and all correspondence requested would be addressed to or from the members of the Board of Selectmen of the Town of Mashpee, any of its political subdivisions, and officials of the Town of Mashpee.

4.    Any and all correspondence from or to the Town of Mashpee, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1998 through August 8, 2002.

5.    Any and all correspondence from or to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit, and Hyannis, such correspondence commencing October 3, 1979 through August 8, 2002.

6.    Any and all correspondence from or to Kenneth Marsters of 77 Bay Shore Drive, Mashpee, Massachusetts, from or to c/o Prime Homes, 509 Falmouth Road, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1990 through August 8, 2002.

7.     Any and all correspondence to and from the governing body or political subdivision of the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit and Hyannis concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the Department of Interior or the Bureau of Indian Affairs such correspondence commencing October 3, 1979 through August 8, 2002.

8.     Any and all reports, studies or bulletins prepared by the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such documents having been produced on or after October 3, 1979 through August 8, 2002.

9.     Any and all correspondence to and from David Leveille of 9 Mariner Lane, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing October 3, 1979 through August 8, 2002.

10.    Any and all records, reports, memoranda and including notes, telephone message slips concerning the meeting which took place between George F. Benway, Jr. and Scott Keep at the Division of Indian Affairs between January 1, 1978 and December 31, 1990.

11.    Any and all records in connection with the preparation for and the attendance at a meeting held in Washington, D.C. on or about April 10 through April 15, 2002 with members of the Board of Selectmen of the Town of Mashpee, Kenneth Marsters, and David Leveille concerning meetings with the Town of Mashpee's attorneys, Hale & Dorr, and said meetings which may have included Deputy Solicitor General Kneedler and Justice officials regarding the Mashpee Wampanoag Tribal recognition issue at which Bureau of Indian Affairs personnel were in attendance.

12.    Any and all correspondence, notes, and/or telephone messages from Attorney Urwitz of Hale & Dorr during the time period commencing March 25, 2002 through April 15, 2002, concerning Mashpee Wampanoag Tribal recognition.

Please provide the above documents to this office as well as the estimated costs.  The e-mail address is Sullivan.McDermott@worldnet.att.net.

Thank you for your attention to this matter.

Very truly yours,

William A. McDermott, Jr., Esquire
Sullivan & McDermott
1990 Centre Street
West Roxbury, Massachusetts  02132
Telephone:  617-323-0213
Facsimile:  617-323-3384
E-Mail:    Sullivan.McDermott@worldnet.att.net

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Jeanette Clifford_  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)  _2/03/03_   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Lee Fleming, Chief
Bureau Indian Affairs
MS - 4660MID
1849 C Street NW
WASHINGTON DC 20240

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 2030 0002 2534 2543

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  Lee Fleming Chief BIA MS 4660MID
Street, Apt. No.; or PO Box No.  1849 C St NW
City, State, ZIP+4  WASHINGTON DC 20240

PS Form 3800, June 2002     See Reverse for Instructions

7002 2030 0002 2534 2543

**SULLIVAN AND MCDERMOTT**
ATTORNEYS AT LAW
1990 CENTRE STREET
WEST ROXBURY, MA 02132

telephone: (617) 323-0213
facsimile: (617) 323-3384
email: sullivan.mcdermott@worldnet.att.net

JEREMIAH P. SULLIVAN, JR.*
DIRECT LINE: (617) 323-2108

WILLIAM A. MCDERMOTT, JR.
DIRECT LINE: (617) 323-1124

ANN MARIE JOHNNENE
DIRECT LINE: (617) 323-3150

*(ALSO NEW HAMPSHIRE)

## FACSIMILE COVER SHEET

TO: _Lee Fleming_

FAX NO: _202 - 219 - 3008_

FROM: _William A. McDermott, Jr._

DATE: _1/27/03_

RE: _Mashpee Wampanoag Tribal Recognition._

THERE ARE __9__ PAGES, INCLUDING THIS COVER PAGE BEING SENT. IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CONTACT:

_Mary_

### CONFIDENTIALITY NOTICE

The documents and information submitted with this Facsimile transmission contain confidential and privileged information from Sullivan and McDermott. The addressee reserves its confidentiality and privilege. If you are not the intended recipient, please be advised that any disclosure, copying, distribution or use of the contents of this Facsimile transmission is prohibited. **IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE NOTIFY US BY TELEPHONE (COLLECT) IMMEDIATELY TO PERMIT US TO ARRANGE FOR THE RETRIEVAL OF THE ORIGINAL DOCUMENTS AND COPIES AT NO COST TO YOU.**

| | |
|---|---|
| DATE,TIME | 01/27 10:19 |
| FAX NO./NAME | 12022193008 |
| DURATION | 00:02:44 |
| PAGE(S) | 10 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

## SULLIVAN AND McDERMOTT
### ATTORNEYS AT LAW
1988-1990 CENTRE STREET
WEST ROXBURY, MASSACHUSETTS 02132

(617) 323-0213
FACSIMILE (617) 323-3384
E-MAIL:sullivan.mcdermott@worldnet.att.net

**JEREMIAH F. SULLIVAN, JR.***
DIRECT LINE (617) 323-2108

**WILLIAM A. McDERMOTT, JR.**
DIRECT LINE (617) 323-1124

**ANN MARIE JOHNNENE**
DIRECT LINE (617) 323-3150

*(ALSO NEW HAMPSHIRE)

January 27, 2003

**VIA E-MAIL:** LeeFleming@bia.gov
**VIA FACSIMILE:** 1-202-219-3008
**VIA FIRST CLASS MAIL**
**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Lee Fleming, Chief
Branch of Acknowledgment and Research
Bureau of Indian Affairs
MS-4660MID
1849 C Street, N.W.
Washington, D.C.  20240

**RE:  Mashpee Wampanoag Tribal Recognition**

Dear Mr. Fleming:

Please comply with my Freedom of Information Request sent to you on December 9, 2002.  This Request was originally sent to the Bureau of Indian Affairs on August 8, 2002 and September 5, 2002, copies enclosed.

Thank you for your prompt attention to this matter.

Very truly yours,

William A. McDermott, Jr.

/md

Enclosures

7452 7254 2000 0E02 2002

## FREEDOM OF INFORMATION REQUEST

August 8, 2002

**VIA E-MAIL:  DOIFOIA@IOS.dot.gov**

Alexandra Mallus
Department of the Interior
Department FOIA Officer (MS-5312MIB)
Office of Information Resources Management
1849 C Street, NW
Washington, DC  20240

**RE:  Bureau of Indian Affairs –**
     **Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

     This Request is being made pursuant to the Freedom of
Information Act 5 U.S.C. §552, as amended.

     This firm represents the Mashpee Wampanoag Indian Tribal
Council, Inc. in Massachusetts.  Presently, the Mashpee Tribe is
involved in litigation with the Department of Interior, **The
Mashpee Wampanoag Tribal Council, Inc. v. Gale A. Norton, et al**,
**USDC District of Columbia No. 02-5139; USCA District of Columbia
Circuit No. 025139**.

     This firm is not involved in the litigation.  We are
seeking certain public records for non-litigation purposes.  We
believe that the within-requested records are not protected on
account of the litigation.

     We therefore request the following records:

Definition – correspondence.  "Correspondence" means written
material sent by mail, facsimile or e-mail and also including
any notes, memoranda, or telephone message slips kept concerning
the requested correspondence.

     1.   Any and all correspondence to or from the Department
of the Interior or the Bureau of Indian Affairs to the Town of
Mashpee, Massachusetts, its elected officials or any
governmental representative of the Town of Mashpee,
Massachusetts, concerning federal recognition of the Mashpee
Wampanoag Indian Tribe commencing October 3, 1979 through August



8, 2002, including but not limited to correspondence from Leo Krulitz and Scott Keep of the Division of Indian Affairs and George A. Benway, Jr.

2.    Any and all correspondence, memoranda to and from, records and notes of meetings held between George A. Benway, Jr. and Scott Keep commencing January 1, 1977 through December 31, 1990, regarding Mashpee Wampanoag Tribal recognition with Scott Keep of the Division of Indian Affairs.

3.    Any and all correspondence, as defined above, between the Division of Indian Affairs including but not limited to correspondence originated by or correspondence received by Hans Walker, Jr., Acting Associate Solicitor, Division of Indian Affairs, commencing January 1, 1977 through December 31, 1990. This request would include his successors as Acting Associate Solicitor to or from George A. Benway, Jr. of Mashpee, Massachusetts.  This request also includes any and all other Acting Associate Solicitors for the Division of Indian Affairs during the requested time.  Any and all correspondence requested would be addressed to or from the members of the Board of Selectmen of the Town of Mashpee, any of its political subdivisions, and officials of the Town of Mashpee.

4.    Any and all correspondence from or to the Town of Mashpee, its elected officials or any governmental representative of the Town of Mashpee, Massachusetts, concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1998 through August 8, 2002.

5.    Any and all correspondence from or to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit, and Hyannis, such correspondence commencing October 3, 1979 through August 8, 2002.

6.    Any and all correspondence from or to Kenneth Marsters of 77 Bay Shore Drive, Mashpee, Massachusetts, from or to c/o Prime Homes, 509 Falmouth Road, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing January 1, 1990 through August 8, 2002.

7.     Any and all correspondence to and from the governing body or political subdivision of the following towns in Massachusetts:  Falmouth, Mashpee, Bourne, Plymouth, Cotuit, Cataumet, Popanasset, Barnstable, Yarmouth, Waquoit and Hyannis concerning federal recognition of the Mashpee Wampanoag Indian Tribe sent to the Department of Interior or the Bureau of Indian Affairs such correspondence commencing October 3, 1979 through August 8, 2002.

8.     Any and all reports, studies or bulletins prepared by the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such documents having been produced on or after October 3, 1979 through August 8, 2002.

9.     Any and all correspondence to and from David Leveille of 9 Mariner Lane, Mashpee, Massachusetts, to the Department of Interior or the Bureau of Indian Affairs concerning federal recognition of the Mashpee Wampanoag Indian Tribe, such correspondence commencing October 3, 1979 through August 8, 2002.

10.    Any and all records, reports, memoranda and including notes, telephone message slips concerning the meeting which took place between George F. Benway, Jr. and Scott Keep at the Division of Indian Affairs between January 1, 1978 and December 31, 1990.

11.    Any and all records in connection with the preparation for and the attendance at a meeting held in Washington, D.C. on or about April 10 through April 15, 2002 with members of the Board of Selectmen of the Town of Mashpee, Kenneth Marsters, and David Leveille concerning meetings with the Town of Mashpee's attorneys, Hale & Dorr, and said meetings which may have included Deputy Solicitor General Kneedler and Justice officials regarding the Mashpee Wampanoag Tribal recognition issue at which Bureau of Indian Affairs personnel were in attendance.

12.    Any and all correspondence, notes, and/or telephone messages from Attorney Urwitz of Hale & Dorr during the time period commencing March 25, 2002 through April 15, 2002, concerning Mashpee Wampanoag Tribal recognition.

Please provide the above documents to this office as well as the estimated costs.  The e-mail address is Sullivan.McDermott@worldnet.att.net.

Thank you for your attention to this matter.

Very truly yours,

William A. McDermott, Jr., Esquire
Sullivan & McDermott
1990 Centre Street
West Roxbury, Massachusetts   02132
Telephone:   617-323-0213
Facsimile:   617-323-3384
E-Mail:    Sullivan.McDermott@worldnet.att.net

**SULLIVAN AND McDERMOTT**
ATTORNEYS AT LAW
1988-1990 CENTRE STREET
WEST ROXBURY, MASSACHUSETTS 02132

(617) 323-0213
FACSIMILE (617) 323-3384
E-MAIL:sullivan.modermott@worldnet.att.net

**JEREMIAH P. SULLIVAN, JR.***
DIRECT LINE (617) 323-2108

**ANN MARIE JOHNNENE**
DIRECT LINE (617) 323-3150

* (ALSO NEW HAMPSHIRE)

**WILLIAM A. McDERMOTT, JR.**
DIRECT LINE (617) 323-1124

September 5, 2002

**VIA FACSIMILE: 202-501-2360**

Alexandra Mallus
MS-5312, MIB
1849 C Street, NW
Washington, DC  20240

**RE: Request of August 8, 2002**
     **Bureau of Indian Affairs**
     **Mashpee Wampanoag Tribal Recognition**

Dear Ms. Mallus:

Attached please find the document sent on August 8, 2002.
Please acknowledge you have received same and inform me when we
should expect receiving responses.

Thank you.

Very truly yours,

William A. McDermott, Jr.

/md

Enclosure

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

The Mashpee Wampanoag Tribal Council, Inc.

**DEFENDANTS** Bureau of Indian Affairs of the Department of the Interior



**(b)** County of Residence of First Listed Plaintiff __Barnstable__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William A. McDermott, Jr.
Sullivan and McDermott, 1990 Centre St.,
West Roxbury, MA 02132 (617) 323-0213

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only) and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405 (g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendant US Government has violated 5 USC 552 by failing to provide public records requested by Plaintiff.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

None

JUDGE _____  DOCKET NUMBER _____

DATE

February 11, 2003

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  The Mashpee Wampanoag Tribal Council, Inc. v. Bureau of Indian Affairs of the Department of Interior

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
380, 385, 450, 891.

___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
690, 810, 861-865, 870, 871, 875, 900.

___ V.  150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES          (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES          (NO)

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES          (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

(YES)          NO

A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  William A. McDermott, Jr.

ADDRESS Sullivan and McDermott, 1990 Centre Street, West Roxbury, MA 02132

TELEPHONE NO.  (617) 323-0213

(Cover sheet local.wpd - 11/27/00)